# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MorEquity, Inc., | : | No. 3:13cv944 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|   v. | : | |
| | : | |
| Luis A. Candelaria and | : | |
| Clarissa Candelaria, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is Plaintiff MorEquity, Inc.'s (hereinafter "plaintiff") mortgage foreclosure complaint. (Doc. 1). A review of the complaint reveals that it fails to establish this court's subject matter jurisdiction. Therefore, the court will dismiss the complaint without prejudice to plaintiff amending it to cure the defects identified in this memorandum.

## **Background**

Plaintiff filed the instant mortgage foreclosure action against Defendants Luis A. Candelaria and Clarissa Candelaria on April 12, 2013. (Doc. 1, Compl.). Plaintiff contends that this court has subject matter jurisdiction pursuant to the diversity statute. See 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). In support of this

contention, the complaint alleges as follows:

> 1. MorEquity, Inc. is a corporate body having a place of business in c/o Nationastar Mortgage, LLC 350 Highland Drive, Lewisville, TX 75067.
>
> 2. Defendants Luis A. Candelaria and Clarissa Candelaria, who reside at 2659 Tacoma Drive, Blakeslee, PA 18610 is/are the mortgagor(s) and real owner(s) of the real property hereinafter described.

(Id. ¶¶ 1-2). For the following reasons, we find these averments are insufficient to establish federal subject matter jurisdiction.

**Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. See Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002) (citing Club Comanche, Inc. v. Gov't of the V.I., 278 F.3d 250, 255 (3d Cir. 2002)). Pursuant to the Federal Rules of Civil Procedure, federal complaints are required to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P. 8(a)(1).

Here, plaintiff claims diversity jurisdiction. Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. § 1332(a). In cases

premised on diversity of citizenship, there must be complete diversity between the plaintiff and all of the defendants. See Gen. Refractories Co. v. First State Ins. Co., No. 04-3509, 2012 WL 424247, at *2 (E.D. Pa. Jan. 30, 2012) (citing Stawbridge v. Curtiss, 7 U.S. 267 (1806)). Moreover, when federal jurisdiction is premised on diversity, a plaintiff's failure to allege citizenship is fatal. See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir.1977) (citing Thomas v. Bd. of Trs., 195 U.S. 207, 211 (1904)). District courts cannot overlook such a defect, even when the parties fail to call attention to it or when they consent to have it waived. Id. Furthermore, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." Id.

In the instant case, plaintiff is identified as a corporation. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation can only have one principal place of business, S. Freedman & Co., Inc. v. Raab, 180 F. App'x. 316, 320 (3d Cir. 2006), which is

3

"the place where a corporation's officers direct, control, and coordinate the corporation's activities." Heinz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2011). Court's have commonly referred to this place as the corporation's "nerve center." Id.

Plaintiff does not properly demonstrate its citizenship for subject matter jurisdiction purposes. Plaintiff alleges, confusingly, that it has a corporate place of business in care of another business entity– Nationastar Mortgage, LLC.[1] Plaintiff fails to allege its state of incorporation or its principal place of business. As such, based upon the information alleged in the complaint, the court cannot determine whether plaintiff meets the requirements of 28 U.S.C. § 1332(a)(1).

In addition, diversity of citizenship is insufficiently alleged in the complaint as to Defendants Luis A. Candelaria and Clarissa Candelaria. For natural persons, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation.

---

[1] With respect to determining the jurisdictional citizenship of an LLC, federal courts look to the citizenship of the LLC's members. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). When one or more of an LLC's members is itself an LLC, then "'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." Id. (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

4

It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. Newman Irrevocable Trust, 548 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)). The complaint alleges that these defendants "reside" in Blakeslee, Pennsylvania. However, it is well established that the term "citizenship" is not synonymous with "resident." See Bell v. Pleasantville Hous. Auth., 443 F. App'x 731, 734 (3d Cir. 2011) (finding that the plaintiff's physical presence at the address of residence is "but only one factor" a court would examine to determine the plaintiff's place of domicile); see also Pa. House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("Although a party's residence is prima facie evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). In the instant case, to properly allege diversity jurisdiction, plaintiff must allege the defendants' state of citizenship, not merely the place of their current residence.

**Conclusion**

For the reasons stated above, the court holds that the complaint fails to adequately allege a basis for this court to exercise subject matter jurisdiction

because it alleges the citizenship of neither plaintiff nor defendants. Thus, the court cannot determine whether subject matter jurisdiction exists. The court will allow plaintiff twenty-one (21) days to cure the defects identified in this memorandum.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MorEquity, Inc., | : | No. 3:13cv944 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|   v. | : | |
| | : | |
| Luis A. Candelaria and | : | |
| Clarissa Candelaria, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**AND NOW**, to wit, this 16th day of April 2013, Plaintiff MorEquity, Inc.'s complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff MorEquity, Inc. shall file an amended complaint that adequately alleges subject matter jurisdiction within twenty-one (21) days of the date of this Order. The court will direct the Clerk of Court to close this case if plaintiff fails to file a timely amended complaint.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**